McCORD, Judge.
The Florida Publishing Company, publisher of both the Florida Times-Union and the Jacksonville Journal, petitions this Court to review the trial court’s order excluding the press and public from a court proceeding and sealing the files in a case where respondent Lancaster, the Clay County Supervisor of Elections, seeks, among other things, to have the Commission of Ethics’ investigation of him kept confidential. Fla.R.App.P. 9.100(d). The trial court’s order was entered pursuant to this Court’s order remanding the cause for a hearing to determine the propriety of continued closure of the trial court’s records. The trial court was directed to “inquire into the necessity of closure, the availability of less restrictive alternatives, and whether closure achieves the desired objectives.”
The genesis of Lancaster’s action against the Commission is its investigation of Lancaster for alleged sexual harrassment of female employees within his office. In challenging the validity of the proceedings initiated by the Commission, Lancaster is seeking to enjoin any further Commission proceedings, including a probable cause hearing, on the basis of violations of various rights guaranteed by the Florida and U. S. Constitutions. The gist of his complaint is found in Section 112.324(2), Florida Statutes (1981):
A preliminary investigation shall first be undertaken by the commission to determine if the facts alleged in the complaint constitute probable cause to believe that a violation has occurred. If, upon completion of the preliminary investigation, the commission finds no probable cause to believe that this part has been violated, the commission shall dismiss the complaint, and the complaint, unless prohibited by subsection (3), shall become a matter of public record, together with a written statement of the findings of the preliminary investigation and a summary of the facts which the commission shall send to the complainant and the alleged violat- or... . (emphasis supplied)
Until the preliminary investigation is completed, however, all of the Commission’s actions, files, and other records remain confidential. § 112.324(1), Fla.Stat. (1981). Essentially, Lancaster wants to keep the post-preliminary investigation proceedings and records confidential, for, he alleges, publication of the Commission’s proceedings would irreparably harm him. Thus, he argues that his remedy at law is inadequate, for to force him to litigate this case in an *335 open setting would be tantamount to denying him the very right to litigate at all.
We are partially persuaded by this argument but find that the trial court’s closure order is overly broad. While Lancaster seeks to prevent the airing of evidence which he feels would be damaging to his reputation, most of his complaint is directed to matters of pleading that require no evi-dentiary predicate. Moreover, since it is quite evident that the Florida Publishing Company and its readers know that Lancaster is being charged with sexual harassment, we foresee no or very little harm in public access to questions relating solely to pleadings which require no evidentiary predicate for their determination.[1] The remaining allegations and the proceedings thereon, which could require disclosure of evidence damaging to Lancaster, fall into a different category, and the trial court did not err in ordering closure as to them. To rule otherwise at this point would render Lancaster’s cause of action moot and render Section 112.324(2), which mandates confidentiality up until a probable cause hearing is held, a nullity. In so ruling we express no opinion as to the complaint on its merits, which is not before us.
Accordingly, we remand this cause with directions that the trial court hold bifurcated proceedings on Lancaster’s complaint, opening the proceedings on those aspects of the case (listed in footnote 1) which are simply matters of pleading and require no evidence for their resolution at law and closing the proceedings on those aspects of the complaint which depend upon a factual predicate.
Affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
MILLS and SHIVERS, JJ., concur.

. We regard the following allegations of the complaint as being matters of pleading only which require no evidentiary predicate for their determination:
(1) that Section 112.313(6), Florida Statutes (1981), is unconstitutionally vague and ambiguous and leaves its enforcement to the whims of the Commission and its prosecutors, that it fails to convey a sufficiently definite warning as to the proscribed conduct, that the terms “special privilege, benefit or exemption” afford no guidelines, no ascertainable standard of guilt, and no barometer by which a public official may measure his specific conduct.
(2) that plaintiff is denied due process of law by not being permitted an adversary proceeding in the nature of a preliminary hearing;
(3) that allegations of “sexual harassment” are not within the jurisdiction of the Commission;
(4) that the field of “sexual discrimination” or “sexual harrassment” has been preempted by Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e];
(5) that Section 112.324, which provides for the release to the public of the findings of the preliminary investigation, whether or not the Commission finds probable cause, deprives Lancaster of equal protection under the law in that he is treated differently from other constitutional officers.